UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  JAMES E. PAHEL                          :  CHAPTER 13
        Debtor(s)                               :
                                                :
        CHARLES J. DEHART, III                  :
        STANDING CHAPTER 13 TRUSTEE             :
                                                :
              vs.                               :
                                                :
        JAMES E. PAHEL                          :
              Respondent(s)                     :  CASE NO.  4-17-bk-00582


TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

      AND NOW, this 5th day of June, 2017, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

      1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

      Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

      a. Actual taxes incurred with tax refund adjustment – Line 16.
      b. Plan payment calculation sum of Lines 34, 35, 36 45.

      Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

      a. Support not mortgage of $630.00.

      2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

      a. Residential real estate (2)
      b. Business assets (24.5% owned)

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. Plan ambiguous – payment

4. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. 2016 Federal Income Tax return.
    b. Copy of the 2016 federal corporate return for all corporations in which the debtor(s) is a principal share holder.
    c. Credit reports of debtor(s) and/or spouse to identify joint claims.
    d. Paystub for month ending July 30, 2017.
    e. Current Profit and Loss Statement for seven (7) months of 2017.
    f. Domestic support information.

3. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

    a. Clarification of debtor(s) counsel fees which are in conflict with 2016(b) Statement.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

<u>CERTIFICATE OF SERVICE</u>

   AND NOW, this   20th   day of June, 2017, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Brian Thompson, Esquire
125 Warrendale-Bayne Road, Ste. 200
Warrendale, PA   15086

              /s/Deborah A. Behney
              Office of Charles J. DeHart, III
              Standing Chapter 13 Trustee