UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:   JAMES E. PAHEL               :   CHAPTER 13
              Debtor(s)                      :
                                                   :
           CHARLES J. DEHART, III        :
           STANDING CHAPTER 13 TRUSTEE   :
                                                   :
                 vs.                              :
                                                   :
           JAMES E. PAHEL               :
              Respondent(s)                  :   CASE NO.   4-17-bk-00582


        TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

         AND NOW, this   17th   day of November, 2017, comes Charles J. DeHart, III,
Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)'
plan for the following reason(s):

         1.   Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not
submitted all or such portion of the disposable income to the Trustee as required.   More
specifically,

         Trustee alleges and avers that debtor(s)' disposable income is greater than that
which is committed to the plan based upon the Means Test calculation and specifically disputes
the following amounts:

              a.   Plan payment calculation sum of Lines 34, 35, 36 45.   More
                   specifically, debtor is over median income and 100% must be
                   paid to unsecured, non-priority creditors in order to comply
                   with the Means Test.

         2.   Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(1) in that the plan classifies
unsecured claims but unfairly discriminates certain claims in the designation.   More specifically,
the plan provides for payment of:

              a.   Transfers/payments to third parties

         3.   Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property
to be distributed under the plan on account of each allowed unsecured claim is less than the
amount that would be paid on such claim if the estate were liquidated under Chapter 7.   More
specifically, debtor's have excess non-exempt equity in the following:

              a.   Residential real

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:        /s/Agatha R. McHale
               Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 17th day of November, 2017, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Brian Thompson, Esquire
125 Warrendale-Bayne Road, Ste. 200
Warrendale, PA 15086

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee