UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: JAMES E. PAHEL : CHAPTER 13
      Debtor :
 :
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
      Movant :
 :
vs. :
 :
JAMES E. PAHEL :
      Respondent : CASE NO. 4-17-bk-00582-JJT

## TOLLING AGREEMENT

AND NOW, this 21st day of May 2018, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, through his attorney Agatha R. McHale, and Debtor, James E. Pahel through his attorney, Brian C. Thompson; and Thelma Pahel, and stipulate to the following:

WHEREAS, on or about January 7, 2017, Debtor transferred Debtor's interest in real estate at 22350 CCC Memorial Hwy, Emporium, PA 15834 to his ex-wife, Thelma Pahel for $1.00;

WHEREAS, on February 14, 2017, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code docketed as set forth above; and

WHEREAS, Debtor will propose a plan which would pay to creditors a sum at least equivalent to any recovery that would result if the Trustee voided the transfer under §544 of the Bankruptcy Code and 12 Pa. C.S. §5104; and

WHEREAS, the parties desire to give Debtor the opportunity to continue making plan payments to appropriately satisfy creditors' claims without pursuing potentially unnecessary litigation; and

WHEREAS, Trustee desires to protect the bankrupt estate's rights to pursue its claim against Michelle Pahel should Debtor fail to complete his obligations under the plan;

NOW THEREFORE, the parties, intending to be legally bound hereby, agree as follows:

1) The relevant limitations period provided within the Bankruptcy Code and Pennsylvania law are not jurisdictional in nature and therefore may be extended by the parties.

2) The parties agree that the time elapsed while Debtor is in this Chapter 13 case shall be excluded from any computation of time for purposes of any time-based defense based on statues of limitations, laches, estoppel, waiver, and any other time-based defense or right including, but not limited to, §546 of the Bankruptcy Code and the Pennsylvania Uniform Fraudulent Transfer Act, as amended, as it related to the filing of any avoidance action.

3) An interested party may file these claims against Thelma Pahel, her heirs or assigns, upon the bankruptcy case of James E. Pahel converting to Chapter 7, his failure to fulfill his obligations under his Chapter 13 Plan or dismissal of the case.

4) Nothing in this Agreement shall be deemed as any admission by Michelle Pahel that these claims may properly be asserted against them. Except for timing defenses, this Agreement shall have no effect upon any defenses that may be asserted.

5) This Agreement may not be amended, extended or otherwise modified without the prior written agreement of each party, their successors, heirs or assigns, hereto.

6) This Agreement may be executed in identical counterparts with the facsimile signatures having the same force and effect as original signatures.

7) Upon the payment in full of all amounts that are owed by Debtor in his Chapter 13 Plan, the Agreement shall terminate and the Trustee shall have no further interest in the subject recording and music equipment.

Charles J. DeHart, III, Esq.
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717)566-6097

BY: _____
Agatha R. McHale
Attorney for Trustee

_____
Brian C. Thompson
Attorney for Debtor

_____
James E. Pahel
Debtor

_____
Thelma Pahel